

CJ-2021-2797

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

JUN 2 9 2021

RICK WARREN
COURT CLERK

73_____

**IN THE DISTRICT COURT OF OKLAHOMA COUNTY**
**STATE OF OKLAHOMA**

ELAINA SISSON, )
 )
  Plaintiff, )
 )
v. ) CJ-2021-2797
 )
STATE OF OKLAHOMA, ex. rel. )
OKLAHOMA DEPARTMENT OF )
MENTAL HEALTH AND )
SUBSTANCE ABUSE SERVICES, )
 )
  Defendant. )

## PETITION

Plaintiff brings this action against Defendant and for cause of action would show the Court as follows:

### NATURE OF CLAIM

1.1  This jury action seeks to enforce rights created under the Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000, *et. seq.*, and Oklahoma Anti-Discrimination Act ["OADA"] 25 O.S. 1101 *et. seq.*  As redress for Defendant's violation of Title VII and the OADA, Plaintiff prays for and demands declaratory, legal and equitable relief, including back pay, reinstatement or, in the alternative, front pay, liquidated damages, damages for emotional distress and attorney fees and costs.

**Exhibit 2**

## JURISDICTION AND VENUE

2.1   All of the claims arose in Oklahoma County and Defendant is located in Oklahoma County wherefore venue is proper in this Court.

2.2   At all relevant times, Defendant has continuously been a covered entity under Section 1301 of the OADA.

2.3   All conditions precedent to Plaintiff's entitlement to relief in this action have been fulfilled and satisfied.

2.4   Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission. A Notice of Right to Sue was then issued by the U.S. Equal Employment Opportunity Commission dated May 25, 2021. This lawsuit was filed within 90 days of receipt of the notice.

## PARTIES

3.1   Plaintiff is a female citizen of the United States and a resident of Cleveland County, Oklahoma.

3.2   At all times material to this action, Defendant has continuously been and is political subdivision of the State of Oklahoma. Service of this Original Complaint and Demand for Jury Trial may be accomplished by serving its service agent: Office of the Attorney General, 313 NE 23rd Street, Oklahoma City, OK 73105. Further, copies shall also be served upon the following: Carrie Slatton-Hodges, Commissioner, 2000 Classen Blvd., Oklahoma City, OK. 73106 and Office of the Risk Management, Administrator of the Purchasing Division of the Office of

**Exhibit 2**

Public Affairs, Will Rogers Office Building, Suite 202, 2401 N. Lincoln, P.O. Box 53364, Oklahoma City, OK 73152-3364.

## BACKGROUND

4.1   On or about July 22, 2019 Oklahoma Department of Mental Health and Substance Abuse Services hired Plaintiff as a Food Specialist at the Griffin Memorial Hospital in Norman, OK.

4.2   Plaintiff always met or exceeded her performance expectations and was expecting a promotion. Prior to her termination, she had never been disciplined. Her supervisor was Jill Nixon.

**Report of Sexual Harassment**

4.3   During her employment Plaintiff was subjected to sexual harassment from Domingo LaVoro, male, co-worker. Mr. LaVoro frequently put his arms around her shoulders and hugged her drawing in her chest. He frequently told her he wanted to be "more than friends". He also made spanking gestures to her and tried taking pictures on his phone of both of them.

4.4   On or about late March 2020 Plaintiff reported to Supervisor Nixon, incidents of perceived sexual harassment. Supervisor Nixon acknowledged similar complaints on Mr. LaVoro and recommended that Plaintiff talk to Mr. LaVoro's wife, who also worked at ODMHSA.

4.5   Based upon information and belief, Defendant did not investigate Plaintiff's report of sexual harassment. Plaintiff did not report the sexual harassment to his wife.

Exhibit 2

4.6     About a week later, while Plaintiff was outside on break, Mr. LaVoro sat down next to Plaintiff on a bench and reached between her legs. Plaintiff pushed him away and left.

4.7     That same day, Plaintiff reported incidents of sexual harassment to another supervisor, Donovan Larkin, male. Mr. Larkin acknowledge similar complaints on Mr. LaVoro and that he would talk to him.

4.8     Based upon information and belief, Defendant did not investigate Plaintiff's second report of sexual harassment. The sexual harassment did not stop.

4.9     On April 20, 2020 Plaintiff submitted a written complaint of sexual harassment to Joyce Westbrook, Human Resources. Based upon information and belief, the complaint was not forwarded to the Area Human Resources office for investigation.

4.10    Plaintiff never communicated with HR regarding an investigation of her report.

4.11    On May 11, 2020 Plaintiff took approved leave after the death of her father and to care for her injured mother.

**Termination**

4.12    Plaintiff returned from approved leave May 23, 2020 and was terminated upon her arrival.

Exhibit 2

## Count I: Title VII and OADA

## (Sex Discrimination in Termination and Hostile Work Environment)

5.1  Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 4.12 of this Petition.

5.2  At all times material to this cause of action, Defendant has continuously been and is an employer "engaged in an industry affecting commerce" within the meaning of 42 U.S.C. § 2000e(a), (b), (g) & (h), and has continuously employed and does employ fifteen or more employees within the meaning of 42 U.S.C. § 2000e(b) & (f).

5.3  Plaintiff was an "employee" of Defendant and Defendant was Plaintiff's "employer", within the meaning of 42 U.S.C. § 2000e(f), throughout her employment.

5.4  Defendant willfully, knowingly and intentionally discriminated against Plaintiff on the basis of sex by maintaining a hostile and abusive work environment in which she was subject to unwelcome sexual harassment which was so severe and pervasive that the terms, conditions and privileges of her employment palpably deteriorated. Defendant otherwise knew or should have known of such sexual harassment and yet failed to take prompt remedial action.

5.5  Such conduct was so extreme and pervasive that it unreasonably interfered with Plaintiff's work performance and otherwise created for her an intimidating, hostile and offensive working environment at Defendant. By engaging

5

**Exhibit 2**

in such conduct, Defendant violated Section 703(a)(1) of Title VII and OADA, which makes it an unlawful employment practice for an employer to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment because of her sex.

5.6 Plaintiff's sex was a motivating factor in Plaintiff's discharge. Defendant otherwise willfully, knowingly and intentionally discriminated against Plaintiff on the basis of her sex in discharge. By engaging in such conduct, Defendant violated, and continues to violate Section 703(a)(1) of Title VII and OADA, which makes it an unlawful employment practice for an employer to discharge any person because of sex.

5.7 Defendant engaged in the conduct alleged herein with malice and reckless indifference to the federally protected rights of Plaintiff within the meaning of 42 U.S.C. § 1981a.

5.8 As a direct and proximate result of the violations of Title VII and OADA alleged under this Count, Plaintiff has been damaged by the loss of her employment at Defendant and the loss of compensation, including salary, bonuses and employee benefits, and promotions she would have received as an employee at Defendant had she not been discharged in violation of Title VII and OADA.

5.9 As a direct and proximate result of the violations of Title VII and OADA alleged under this Count, Plaintiff has also suffered mental and emotional distress.

Exhibit 2

5.10    As a direct and proximate cause of the violations of Title VII and OADA as alleged under this Count, Plaintiff has also suffered other pecuniary losses, the type and amount of which will be established at the trial of this cause.

**COUNT II: Title VII and OADA (Retaliation in Termination of Employment)**

6.1    Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 5.10 of this Petition.

6.2    Plaintiff complained to management and Human Resources of sexual harassment toward her and opposed employment discrimination from a male worker. Plaintiff held the good faith belief that she was opposing and reporting sex discrimination at work. By Plaintiff holding the good faith belief that she was opposing discrimination and complaining of such conduct to her superior, Plaintiff was opposing and reporting discrimination made unlawful by Title VII and OADA. Plaintiff was therefore engaged in activity protected under Section 704(a) of Title VII and OADA.

6.3    Plaintiff's opposition to and complaining of discrimination was a motivating factor in the discharge of her employment. Defendant willfully, knowingly and intentionally discriminated against Plaintiff on the basis of her opposition to and complaining of discrimination in her termination of employment.

6.4    By engaging in the aforementioned conduct, Defendant violated, and continues to violate Section 703(a)(1) & 704 (a) of Title VII and OADA, which makes it an unlawful employment practice for an employer to discriminate against

**Exhibit 2**

any person because she has opposed or complained of any practice made an unlawful employment practice by Title VII and OADA.

6.5   Defendant engaged in the conduct alleged under this Count with malice and reckless indifference to the federally protected rights of Plaintiff.

6.6   As a direct and proximate result of the violations of Title VII and OADA alleged under this Count, Plaintiff has been damaged by the loss of her employment and loss of compensation and benefits and promotions and other pecuniary benefits she would have received as an employee had she not been discharged in violation of Title VII and OADA.

6.7   As a direct and proximate result of the violations of Title VII and OADA alleged under this Count, Plaintiff has also suffered mental and emotional distress.

6.8   As a direct and proximate result of the violations of Title VII and OADA alleged under this Count, Plaintiff has also suffered other pecuniary losses, the type and amounts of which will be established at the trial of this cause.

### COUNT I:

WHEREFORE, PLAINTIFF prays that this Court:

1.   A judgment that Defendant has engaged in all of the conduct alleged in this Petition, and that Defendant has, by engaging in such conduct, violated Title VII and the OADA.

2.   An injunction permanently enjoining Defendant from engaging in the future the discriminatory employment practices alleged in this Original Complaint.

**Exhibit 2**

3. A judgment against Defendant awarding Plaintiff an amount equal to the lost wages and employment benefits had she not been terminated by Defendant in violation of Title VII and the OADA.

4. A judgment awarding Plaintiff an amount equal to the front pay, including salary/wages, bonuses and benefits, she would have received, from the date of judgment through the date she would have retired or resigned from employment at Defendant.

5. Enter an equivalent money judgment awarding Plaintiff liquidated damages, as provided in the OADA;

6. A judgment against Defendant awarding Plaintiff compensatory damages as redress for Defendant's unlawful conduct;

7. A judgment against Defendant awarding Plaintiff compensation for past and future nonpecuniary losses, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

8. A judgment against Defendants awarding Plaintiff an amount equal to the costs of bringing this action, including a reasonable attorney fee.

9. A judgment awarding Plaintiff such other legal and equitable relief as may be appropriate, including prejudgment and postjudgment interest.

**Exhibit 2**

Respectfully submitted,

*/s/ Jeff A. Taylor*

Jeff A. Taylor
State Bar No. 17210
The Offices at Deep Fork Creek
5613 N. Classen Blvd.
Oklahoma City, OK  73118
Telephone:   (405) 286-1600
Facsimile:    (405) 842-6132

ATTORNEYS FOR PLAINTIFF

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED

**Exhibit 2**